**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Verve, L.L.C., | ) | No. CV-05-0365-PHX-FJM |
|       Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Hypercom Corp., | ) | |
|       Defendant. | ) | |
| _____ | ) | |
| Hypercom Corp. | ) | |
|       Counter-Claimant, | ) | |
| vs. | ) | |
| Verve, L.L.C., Raymond M. Galasso, Kevin R. Imes, Simon, Galasso & Frantz P.L.C. | ) | |
|       Counter-Defendants. | ) | |
| _____ | ) | |

      The court has before it Verve, Raymond Galasso, and Simon, Galasso & Frantz P.L.C.'s (collectively referred to as "counter-defendants") renewed motion for judgment as a matter of law or conditional motion for new trial on punitive damages (doc. 391); counter-defendant Kevin Imes' ("Imes") motion for judgment as a matter of law or alternatively motion for a new trial (doc. 394); Hypercom's combined response (doc. 399); and counter-defendants' reply (doc. 400). We also have before us Brent Van Norman's motion to

withdraw as counsel for counter-defendants (doc. 397), and Hypercom's response (doc. 402).

On August 18, 2006, we granted Hypercom's motion for summary judgment in part as to its counterclaim for malicious prosecution and abuse of process against counter-defendants and Imes (doc. 287). On January 9, 2007, following a jury trial on the issues of damages, judgment was entered in favor of Hypercom for over $700,000 in compensatory and punitive damages.

Counter-defendants and Imes now move for judgment as a matter of law, arguing that the jury's verdict imposing punitive damages is not supported by a legally sufficient evidentiary basis. See Fed. R. Civ. P. 50(b). In particular, counter-defendants and Imes contend that Hypercom failed to establish by clear and convincing evidence that they possessed a subjective evil intent or motive. Alternatively, counter-defendants move for a conditional new trial on the issue of punitive damages, but only if the court will allow testimony from excluded expert witnesses. Imes also argues that the joint submission to the jury of all counter-defendants on the issue of punitive damages unduly prejudiced him in his ability to defend himself individually on that claim.

Punitive damages are proper if a defendant "intended to cause injury," his "wrongful conduct was motivated by spite or ill will," or he "acted to serve his own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of others." Bradshaw v. State Farm Mut. Auto. Ins. Co., 157 Ariz. 411, 422, 758 P.2d 1313, 1324 (1988). In other words, the plaintiff must prove by clear and convincing evidence that "defendant's evil hand was guided by an evil mind." Rawlings v. Apodaca, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986). An "evil mind may be established by defendant's express statements or inferred from defendant's expressions, conduct, or objectives." Gurule v. Illinois Mut. Life & Cas. Co., 152 Ariz. 600, 602, 734 P.2d 85, 87 (1987). Circumstantial evidence of subsequent events will be admitted only to the extent that it reflects on the defendant's state of mind when the tortious acts were committed.

Without addressing the evidence submitted to establish evil mind, counter-defendants simply rely on their own testimony that they subjectively believed that Hypercom was infringing the patents. However, "[t]hat there was also evidence favorable to the [moving party] was simply not relevant, since the jury was free to disbelieve, and therefore to disregard, that evidence." Johnson v. Paradise Valley United School Dist., 251 F.3d 1222, 1227 (9th Cir. 2001). Rather, in ruling on a motion for judgment as a matter of law, the jury's verdict "must be affirmed if there is substantial evidence to support the verdict." Gilbrook v. City of Westminster, 177 F.3d 838, 856 (9th Cir. 1999).

The evidence at trial established that counter-defendants and Imes filed multiple lawsuits against Hypercom in multiple jurisdictions, without any reasonable explanation for doing so. When asked at his deposition why Verve filed suit in Texas, Galasso simply responded, "I don't know why." Transcript, Oct. 24, 2006, at 811. Hypercom's expert witness, Mr. Pretty, testified that comparing counter-defendants' course of conduct in asserting their infringement claims against the procedures typically employed in a case of potential infringement, it is his opinion that the lawsuits were brought for an improper purpose. Transcript, Oct. 19, 2006, at 492. Mr. Pretty testified that counter-defendants and Imes failed to conduct a reasonable investigation prior to filing the lawsuits, and that Verve's assertions in the various complaints that it was the "owner" of the patents were clearly false, such that counter-defendants lacked probable cause to bring the lawsuits. Further, evidence was presented that counter-defendants and Imes actively concealed from their own lawyers the fact that Verve did not own all rights to the patents. We conclude that substantial evidence existed to support the jury's imposition of punitive damages.

Counter-defendants also argue that it was error to exclude the testimony of their expert witnesses, Gulko and Berman, who conducted post-filing infringement evaluations and concluded that Hypercom infringed the patents. Counter-defendants argue that this testimony would have fortified their position that they lacked an evil mind. We excluded the expert witness testimony, concluding that post-filing investigations that did not consider what counter-defendants knew before filing the lawsuits were not relevant to their subjective state

- 3 -

1  of mind at the time the lawsuits were filed. The record makes clear that neither expert was
2  retained to express an opinion regarding counter-defendants' state of mind. Transcript, Oct.
3  24, 2006, at 749, 804. An after-the-fact justification for counter-defendants' actions is not
4  relevant to their state of mind at the time the lawsuits were filed. See Hydranautics v.
5  FilmTec Corp., 204 F.2d 880, 886 (9th Cir. 2000) (stating that "the lack of probable cause
6  question must be answered based upon the facts actually known to [defendant] at the time
7  it prosecuted its patent application and infringement case").

8  Counter-defendants also sought to admit Gulko as a fact witness, so that he could
9  testify that while he was conducting his post-filing investigation he communicated the
10 preliminary results of his analysis to the counter-defendants. We rejected this testimony,
11 ruling that any information that counter-defendants learned after the lawsuits were filed was
12 irrelevant to the issue of state of mind. We reaffirm that decision here.

13 Imes also argues that there was insufficient evidence to support a punitive damages
14 award against him individually. First, Imes has waived any argument related to the
15 imposition of joint and several liability because he failed to raise it in a Rule 50 (a) motion.
16 Moreover, Imes cites no law to support the proposition that punitive damages must be
17 individually assessed against each joint tortfeasor. And in any event, substantial evidence
18 supports the jury's award of punitive damages against all counter-defendants, including Imes.
19 The evidence showed that Imes, an experienced patent agent and 50% owner of Verve,
20 played a key role in conducting the pre-filing investigation into each of the accused patents
21 and was one of two people who made the decisions to file the lawsuits. Mr. Pretty's
22 testimony regarding the deficiencies in the pre-filing investigations applied with equal force
23 against Imes as against the other counter-defendants. Moreover, evidence showed that Imes
24 signed a false interrogatory response on behalf of Verve certifying that Omron had no right,
25 title or interest in the patent at issue. Transcript, Oct. 18, 2006, at 462. The evidence was
26 more than sufficient to support the jury's imposition of punitive damages against all the
27 counter-defendants, including Imes.

28

1    Therefore, **IT IS ORDERED DENYING** counter-defendants' motion for judgment
2 as a matter of law or alternatively for a new trial (docs. 391), and **DENYING** Imes' motion
3 for judgment as a matter of law or alternatively for a new trial (doc. 394).

4    **IT IS FURTHER ORDERED GRANTING** Brent Van Norman's motion to
5 withdraw as counsel for counter-defendants (doc. 397).

6    DATED this 26th day of March, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge